JODGrE HARDIN
delivered the opinion op the court:
In this action against the appellant upon his promissory note to the appellee for one hundred dollars, he filed his answer, exhibiting a contract between himself and the plaintiff and George W. Manard, as trustees of school district No. 7, in Pike county, in which, in consideration of the defendant’s,undertaking to teach a “ three months’ school” in said district, the plaintiff and said Manard agreed “ to pay said Harrison (the defendant), or cause him to receive, the amount of money that may be due school district No. 7 for the year 1866;” and the defendant, alleging a performance of said agreement on his part, further averred that, according to the common school law of Kentucky, there was due to said district for said year the sum of seventy-five dollars, which neither the plaintiff nor Manard had paid to him, nor caused the same to be so paid, or any part thereof, although due and owing to him; and the said liability of the plaintiff on said contract is pleaded in the answer as a set-off against so much of the demand of the plaintiff.
To this answer the court sustained a demurrer of the plaintiff, and rendered a judgment for the amount of his claim; and from that judgment this appeal is prosecuted.
As the trustee's were authorized by law to receive of the school commissioner the funds apportioned to their district, their agreement with the appellant, should, we think, be interpreted as a personal undertaking on their part to pay, or cause to be paid, to the appellant, the sum which they might be entitled to receive as aforesaid, there *579 being no provision in the contract exempting the trustees from personal responsibility. And the alleged liability on this undertaking being a cause of action for a fixed sum arising upon contract, was, in our opinion, the proper subject of set-off (Civil Code, sec. 128); and, according to the 39th section of the Code, it was an available cause of action, and therefore a valid set-off against the appellee and his co-obligor, jointly or separately.
It seems to us, therefore, that the court erred in sustaining the demurrer to the answer.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.